UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
VICTOR TORRES,

                      Plaintiff,

       - against -

DO IT BEST CORPORATION,

                      Defendant.
-------------------------------------------------------------------x

07-CV-230 (CS)(LMS)

**ORDER ADOPTING
REPORT AND
RECOMMENDATION**

Seibel, J.

      Before the Court is the Report and Recommendation ("R&R") of Magistrate Judge Lisa

Margaret Smith dated August 1, 2008, (Doc. 24), on Defendant's motion for summary judgment

in this action under Title VII, 42 U.S.C. § 2000e-2(a). Judge Smith recommended that the

motion be granted as to both Plaintiff's wrongful termination claim and his disparate treatment

claim. By letter dated September 10, 2008, Plaintiff seemed to indicate that he waived his right

to file objections to the R&R, but noted that he "continues to stand behind" his complaint and

other papers, and requested that the Court consider his *pro se* filings in the light most favorable

to him.

      A district court reviewing a magistrate judge's report and recommendation "may accept,

reject, or modify, in whole or in part, the findings or recommendations made by the magistrate

judge." 28 U.S.C. § 636(b)(1)(C). Parties may raise objections to the magistrate judge's report

and recommendation, but they must be "specific" and "written," and submitted "[w]ithin 10 days

after being served with a copy of the recommended disposition." Fed. R. Civ. P. 72(b)(2); *see*

*also* 28 U.S.C. § 636(b)(1)(C).

Where a party submits timely objections to a report and recommendation, the district court reviews the parts of the report and recommendation to which the party objected under a *de novo* standard of review. 28 U.S.C. § 636(b)(1)(C); *see* Fed. R. Civ. P. 72(b)(3) ("The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."). The district court may adopt those portions of a report and recommendation to which no objections have been made, as long as no clear error is apparent from the face of the record. *See White v. Fischer*, No. 04-CV-5358, 2008 WL 4210478, at *1 (S.D.N.Y. Sept. 12, 2008); *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985); Fed. R. Civ. P. 72 advisory committee's note (b). The clearly-erroneous standard also applies when a party makes only "conclusory or general objections, or simply reiterates his original arguments." *Barratt v. Joie*, No. 96-CV-324, 2002 WL 335014, at *1 (S.D.N.Y. Mar. 4, 2002).

There has been no objection to the R&R, other than perhaps a conclusory or general reference to Plaintiff's original arguments, and the Court discerns from the face of the record no clear error in the recommendations of the R&R, which appear to be justified in light of the facts and the controlling law. Accordingly, the R&R is adopted as the decision of the Court.

The Clerk is respectfully directed to terminate the pending motion, (Doc. 17), and close the case.

SO ORDERED.

_____
CATHY SEIBEL, U.S.D.J.

Dated:  November 24, 2008
       White Plains, New York